UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA R. BARROW,
      Plaintiff,

v.                                      Case No: 8:14-cv-2900-T-24-AEP

DOLGENCORP, LLC d/b/a DOLLAR
GENERAL STORE #10814,

      Defendant.
_____

## **ORDER**

Before the Court is Plaintiff's Motion for Remand in which Plaintiff seeks an order remanding this case to Hillsborough County Circuit Court. Dkt. 6. Defendant filed a response in opposition. Dkt. 7. For the reasons discussed below, the Court remands this case to state court.

### I.    **Background**

This is a personal injury case based on alleged negligence arising from premises liability that was filed in state court on June 16, 2014. Dkts. 1, 2. Plaintiff is a resident of Florida and Defendant is a Limited Liability Company with its principal place of business in Goodlettsville, Tennessee.[1] Dkt. 1 at 5. At the time the complaint was filed in state court, Plaintiff's demand for damages exceeded $15,000, exclusive of interest, costs and attorneys' fees. Dkt. 2 at 1, 3.

On November 19, 2014, Defendant filed a notice of removal. Dkt. 1. Defendant asserted that Plaintiff's testimony during an October 29, 2014 deposition first established that the jurisdictional amount sought by Plaintiff exceeded $75,000 and sought to remove the case under

---

[1] Defendant has not established citizenship for purposes of diversity jurisdiction. Because limited liability companies are citizens of all states of which a member of the company is a citizen, the Court needs to know the names and citizenships of all of the members of each limited liability company in order to determine whether this Court has subject matter jurisdiction over this case. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

28 U.S.C. § 1332.[2]

During the deposition, Plaintiff was asked the following question and provided the following answer regarding damages:

Q:      Do you contend that the damages you suffered at Dollar General exceed $75,000 as a result of this incident?

A:      I -- I would say yes because the pain I'm having and the suffering I'm having with my back, because something has got to be done.

Dkt. 1-5 at 24.

Pursuant to 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, the notice of removal was timely filed with this Court because it was filed within 30 days of Defendant's receipt of Plaintiff's deposition.

## II.      Analysis

Plaintiff argues that this case should be remanded to state court because Defendant has failed to clearly and unambiguously establish that the amount in controversy exceeds $75,000.

Plaintiff is correct that Defendant has the burden of establishing that federal jurisdiction exists. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.* (citations omitted). "Once it has been established that the proponent has shown

---

[2] Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

that the jurisdictional minimum has been met, the proponent's estimate of the claim's value must be accepted unless there is a 'legal certainty' that the claim is actually for less than the jurisdictional amount." *De Varona v. Disc. Auto Parts, LLC*, 860 F. Supp. 2d 1344, 1348-49 (S.D. Fla. 2012) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, courts must be mindful that removal statues are construed narrowly and that uncertainties are resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In the motion for remand, Plaintiff's counsel argues that the amount in controversy does not exceed $75,000. Dkt. 6 at 5, 6, 7. In doing so, counsel states that "[t]he statement by the Claimant [in her deposition] who is untrained in such matters is overcome by the clear statement … that the Plaintiff concedes the compensatory damages do not exceed $75,000." *Id.* at 6. As Plaintiff's counsel is an officer of the Court and is bound by Federal Rule of Civil Procedure 11(b)[3], the Court will accept Plaintiff's counsel's statement that Plaintiff is not seeking in excess of $75,000 in damages, despite the fact that Plaintiff herself may have stated as much in her deposition. Should Plaintiff later attempt to amend her complaint and/or otherwise seek damages in excess of $75,000, she may be judicially estopped from doing so, because this Court relied on Plaintiff's counsel's representation to the Court that Plaintiff is not seeking more than $75,000 in damages. *See, e.g., Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998) (stating that judicial estoppel is an equitable doctrine used to prevent litigants from taking "totally

---

[3] Pursuant to Fed. R. Civ. P. 11(b), by signing the motion for remand, Plaintiff's counsel is certifying that to the best of his knowledge, his representations to the Court are accurate and not presented for an improper purpose.

inconsistent positions" in separate judicial proceedings and is "designed to prevent parties from making a mockery of justice by inconsistent pleadings") (citing *American Nat. Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983)).

Defendant cites a case for the argument that once a case is properly removed, events occurring after removal do not divest the court of jurisdiction. Dkt. 7 at 3, 6. However, in this case, after the notice of removal was filed, Plaintiff's counsel offered a *clarification* that Plaintiff was never seeking more than $75,000 in damages. This is not the type of "event" occurring after removal to which Defendant refers and the Court may properly remand the case to state court.

Based on the Court's reliance on Plaintiff's counsel's statement, the Court finds that remand is appropriate.

**III.    Conclusion**

Accordingly, it is ORDERED and ADJUDGED that Plaintiff's Motion for Remand (Dkt. 6) is **GRANTED**. The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of January, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record